1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DEMORRIS LANE,

11              Plaintiff,                    No. CIV S-11-0432 GGH P

12        vs.

13   STOCKTON POLICE DEPARTMENT,

14              Defendants.              ORDER

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $ 5.02 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

1   misconduct alleged." Id.

2          In reviewing a complaint under this standard, the court must accept as true the

3   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

4   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

5   and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

6   1843 (1969).

7          Plaintiff simply names the Stockton Police Department as defendants.  Complaint,

8   p. 2.  In that part of plaintiff's extremely skimpy allegation that is decipherable, plaintiff states

9   that he was beaten and tasered by [unnamed officers of] the Stockton Police Department while

10  "shackled in my mouth, ears" [sic].... Id., at 3.  Plaintiff's complaint violates Fed. R. Civ. P. 8,

11  which sets forth general rules of pleading in the federal courts.  Complaints are required to set a

12  forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of

13  the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  All that is

14  required are sufficient allegations to put defendants fairly on notice of the claims against them.

15  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)(abrogated on

16  another ground by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007)); 5 C.

17  Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).

18         This complaint does not contain sufficient allegations to put defendants fairly on

19  notice.  See Conley v. Gibson, 355 U.S. at 47, 78 S. Ct. at 103; Richmond v. Nationwide Cassel

20  L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations

21  fails to satisfy the notice requirement of  Rule 8).  At a minimum, plaintiff should provide an

22  additional factual predicate for his claim.  That is, plaintiff must more fully set forth the

23  circumstances that underpin his allegations by stating when, how, where and why the incident

24  occurred and, if possible, by identifying by name the individual officers who allegedly subjected

25  him to a beating and tasering; he must also make clear whether he suffered injury, and, if so, to

26  what extent, and he must clarify what form of relief he seeks besides asking that his case be

3

1  brought to trial.   The complaint will be dismissed, but plaintiff will be granted leave to amend.

2  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

3  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

4  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

5  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

6  there is some affirmative link or connection between a defendant's actions and the claimed

7  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

8  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

9  vague and conclusory allegations of official participation in civil rights violations are not

10  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11  In addition, plaintiff is informed that the court cannot refer to a prior pleading in

12  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

13  complaint be complete in itself without reference to any prior pleading.  This is because, as a

14  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

15  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

16  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

17  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

18  In accordance with the above, IT IS HEREBY ORDERED that:

19  1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

20  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

21  Plaintiff is assessed an initial partial filing fee of $ 5.02.  All fees shall be collected and paid in

22  accordance with this court's order to the Director of the California Department of Corrections

23  and Rehabilitation filed concurrently herewith.

24  \\\\\

25  \\\\\

26  \\\\\

1        3.  The complaint is dismissed for the reasons discussed above, with leave to file

2    an amended complaint within twenty-eight days from the date of service of this order.  Failure to

3    file an amended complaint will result in a recommendation that the action be dismissed.

4    DATED: April 20, 2011

5    

6                                                  /s/ Gregory G. Hollows

7                                        GREGORY G. HOLLOWS
                                         UNITED STATES MAGISTRATE JUDGE

8    

9    GGH:009
     lane0432.b

5